## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT HARVEY FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 2:17-cv-00096-WKW-DAB |
| KOCH FOODS, INC.; KOCH FOODS OF | ) | |
| ALABAMA, LLC;  and MELISSA | ) | |
| MCDICKINSON, | ) | **PLAINTIFF DEMANDS A** |
| | ) | **TRIAL BY STRUCK JURY.** |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.     This is a suit to obtain relief for race discrimination and retaliation under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff seeks to recover for unlawful gender discrimination and sexual harassment by bringing claims under Title VII and under Alabama tort law.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3.     Venue is proper in that the alleged acts occurred in Montgomery County,

Alabama.

PARTIES

4.  Plaintiff Robert Harvey Fuller is an African-American, male resident of Montgomery County, Alabama who is over the age of 19.

5.  Defendant Koch Foods of Alabama LLC, ("Koch-Ala") is a corporation that owns and operates facilities at which it processes and packages chicken products ("Montgomery processing facilities") for sale and ultimately for consumption by the public, and does such business in Montgomery, Alabama.

6.  The Koch-Ala complex consists of multiple units, including a Debone Plant, Kill Plant, Hatchery, and Shipping Facility.

7.  Defendant Koch Foods, Inc. is a corporation that owns and operates facilities at which it processes and packages chicken products at various locations around the country for sale and ultimately for consumption by the public and that also allows or licenses the use of the name of "Koch Foods" by similar businesses including Defendant Koch-Ala.

8.  During the time Mr. Fuller worked at Defendant Koch-Ala's Montgomery facility, David Birchfield was the complex human resources manager at Koch-Ala's Montgomery facilities.

9.  During the time Mr. Fuller worked at Defendant Koch-Ala's Montgomery facility, Defendant Melissa McDickinson was the human resources manager

for the Debone Plant owned and operated by Koch Foods and Koch-Ala.

10. The Debone Plant at Koch-Ala is across the street from the Kill Plant.

11. Defendant McDickson worked under the direct supervision of Birchfield.

12. Birchfield worked under the direct supervision of Bobby Elrod.

13. Bobby Elrod is employed by Koch Foods.

14. Bobby Elrod is the Director of Human Resources for Koch Foods.

## ADMINISTRATIVE REMEDIES

15. On October 9, 2015, Mr. Fuller filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that during the time he worked for Defendants he experienced unlawful discrimination based on his race, color and gender in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and experienced unlawful retaliation in violation of Title VII.  A copy may be found in the court record at Doc. 28-1.

16. On February 27, 2017, the EEOC issued a Notice of Right to Sue to Mr. Fuller. A copy may be found in the court record at Doc. 28-2.

17. Mr. Fuller exhausted his administrative remedies.

## STATEMENT OF THE FACTS

18. In early 2015, Onin Staffing placed Mr. Fuller in an HR Clerk position at Koch-Ala's Debone Facility.

19.    Melissa McDickinson interviewed Mr. Fuller.

20.    Ms. McDickinson's interview of Mr. Fuller was brief.

21.    Mr. Fuller worked under the supervision of Melissa McDickinson.

22.    The bulk of Mr. Fuller's responsibilities revolved around recruitment, orientation and training.

23.    Approximately a month after Onin Staffing placed Mr. Fuller at Koch-Ala, Defendants Koch-Ala and/or Koch Foods hired Mr. Fuller.

24.    During his time working at the Montgomery facility for Koch-Ala and Koch Foods, Ms. McDiciknson flirted with Mr. Fuller.

25.    Ms. McDickinson tried to kiss Mr. Fuller.

26.    Ms. McDickinson brushed her breasts and knees against Mr. Fuller when he sat at the computer.

27.    Ms. McDickinson found excuses to touch Mr. Fuller's chest, brush his shoulders and fix his tie.

28.    Ms. McDickinson made inquiries to Mr. Fuller about his sex life.

29.    Ms. McDickinson approached Mr. Fuller with requests for sex and sexual favors.

30.    Ms. McDickinson requested Mr. Fuller leave his family to "get with someone who is going places" and implied that complying with her requests would improve his employment situation.

4

31.    Ms. McDickinson said to Mr. Fuller that he needed to get with the program and get with her ways.

32.    Mr. Fuller inferred Ms. McDickinson was demanding he engage in a sexual relationship with her to ensure the security of his job.

33.    Mr. Fuller heard Ms. McDickinson had used her position to compel sexual relationships with other African-American employees.

34.    Upon information and belief, Ms. McDickinson pursued and/or engaged in sexual encounters with other employees of Koch-Ala and/or Koch Foods.

35.    Ms. McDickinson called Mr. Fuller when he was at home.

36.    Mr. Fuller heard from one or more coworkers that Ms. McDickinson had said she wanted him to be her "work n*****" and wanted his "big black dick."

37.    Ms. McDickinson's conduct toward Mr. Fuller made him uncomfortable.

38.    Mr. Fuller refused Ms. McDickinson's advances.

39.    Upon information and belief, plant manager Randy Davenport wrote to Bobby Elrod complaining about Ms. McDickinson pursuing sexual contact with employees.

40.    Upon information and belief, during training on workplace rumors, employees of Defendant Koch-Ala and/or Koch Foods complained to Bobby Elrod and Rachel Barlotta about Defendant McDickinson and Defendant Birchfield pursuing inappropriate sexual liaisons.

41.   Mr. Fuller was afraid to complain to David Birchfield about Ms. McDickinson's sexually aggressive conduct toward him because he had heard Mr. Birchfield and Ms. McDickinson were in a sexual relationship.

42.   On several occasions, Mr. Fuller observed and heard of African-American employees being treated disrespectfully and adversely by a white supervisor named Bobby Partain.

43.   Mr. Fuller heard other supervisors mention Mr. Partain had verbally accosted African-American employees and that the African-American employees were then disciplined or dismissed.

44.   Concerned there was a problem with Mr. Partain discriminating against African-American employees, Mr. Fuller voiced his opposition to Mr. Partain's conduct to Mr. Birchfield and Ms. McDickinson.

45.   Mr. Fuller observed that Defendant Koch-Ala favored considering Hispanic workers for employment.

46.   Mr. Fuller observed eligible African-American candidates disqualified from the hiring process without explanation despite having complete applications and work history.

47.   Mr. Fuller observed Hispanic applicants with incomplete applications, questionable identification, missing work history, and missing phone numbers being interviewed and hired.

48.   Mr. Fuller overheard supervisors complaining about the hiring of black employees and expressing a preference for Hispanic workers.

49.   In May 2015, plant manager Randy Davenport reviewed applicants' applications with Mr. Fuller.

50.   Mr. Davenport's race is white.

51.   Mr. Davenport pulled and passed on for consideration by the night time manager applications from workers with names that appeared to be Hispanic.

52.   Mr. Fuller objected to Mr. Davenport that it appeared he was passing over the applicants with names more commonly associated with African-Americans in favor of Hispanics.

53.   Mr. Davenport smiled and winked at Mr. Fuller.

54.   Mr. Fuller took his complaint to both Ms. McDickinson and Mr. Birchfield.

55.   On or about May 18, 2015, Mr. Fuller emailed a complaint to Ms. McDickinson and Mr. Birchfield about Bobby Partain's treatment of an African-American employee, Elvin Mitchell.

56.   The next day, Ms. McDickinson questioned Mr. Fuller about his judgment in sending the email, telling him it was too easy to track.

57.   Mr. Fuller could leave Koch-Ala's facility for lunch.

58.   Mr. Fuller's time allotted for lunch was an hour.

59.   Female employees of races different than Mr. Fuller's who worked in human

resources left Koch-Ala's facilities for lunch and were not terminated.

60.    On May 22, 2015, Mr. Fuller used his hour for lunch to attend his son's elementary school graduation.

61.    Mr. Fuller left Koch-Ala's premises with the permission and knowledge of Ms. McDickinson.

62.    When Mr. Fuller attempted to return to work, he was not allowed to do so.

63.    The persons staffing the guard shack at Koch-Ala would not allow Mr. Fuller to enter the premises, gave him Defendant McDickinson's cell phone number, and told him he could not return until notified.

64.    Mr. Fuller attempted to call Ms. McDickinson several times.

65.    Ms. McDickinson did not accept nor return Mr. Fuller's calls.

66.    On May 25, 2015, Mr. Fuller emailed Kathy Denton in the Human Resources Department.

67.    Concerned that he had not been contacted by Ms. McDickinson or Mr. Birchfield, Mr. Fuller expressed to Ms. Denton he was not being allowed to return to work and had not received any word about his status.

68.    On May 29, 2015, Mr. Fuller learned his employment at Koch-Ala had been terminated.

69.    The reason given to Mr. Fuller for his termination was job abandonment.

70.    Mr. Fuller complained to Bobby Elrod about his termination.

71.    Mr. Elrod did not take any action.

72.    On October 9, 2015, Mr. Fuller filed a Charge of Discrimination with the EEOC alleging race discrimination, sexual harassment and retaliation.

73.    On or about October 28, 2015, an employee in Human Resources named Alycia Hughes complained to Julia Bruno in an email that Melissa McDickinson was not at the facility most of the day, left at random hours, and left before 5:00 p.m.

74.    Ms. Hughes complained that at times Ms. McDickinson did not come to work and left the human resources clerks without an idea as to where she was or when she would be in.

75.    Ms. Hughes complained Ms. McDickinson's conduct was interfering with human resources ability to do their job.

76.    Ms. McDickinson was not terminated for this conduct.

77.    Prior to Mr. Fuller's termination, Mitzi James, a white employee in Human Resources, left work without permission, leaving the human resources department unattended.

78.    Mr. Birchfield did not terminate Ms. James.

79.    Mr. Birchfield suspended Ms. James.

80.    Ms. James' race is white.

81.    Ms. James' gender is female.

9

COUNT I
INVASION OF PRIVACY

82. Plaintiff adopts and incorporates the facts set out above in support of this count.

83. Defendants McDickinson, Koch Foods and Koch-Ala invaded Mr. Fuller's privacy by subjecting him to offensive and unwanted sexual overtures and making inquiries into his sex life.

84. Defendants' conduct offended and embarrassed Mr. Fuller.

85. Defendant McDickinson's actions toward Mr. Fuller were taken while she was acting in her role as his supervisor.

86. Defendant McDickinson pursued other employees of Defendants Koch Foods and Koch-Ala for sex.

87. Defendant McDickinson pursued other employees of Defendants Koch Foods and Koch-Ala for sex with the knowledge of her supervisor, David Birchfield.

88. Defendants Koch Foods and Koch-Ala ratified and permitted Defendant McDickinson's conduct.

89. Defendants Koch Foods and Koch-Ala are liable for the conduct of Defendant McDickinson.

90. Defendants injured Mr. Fuller.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants McDickinson, Koch Foods and

Koch-Ala pursuant to an order awarding:

a.      Compensatory damages to be determined by the trier of fact;

b.      Punitive damages to be determined by the trier of fact;

c.      Injunctive relief;

d.      That relief which is fair, just and equitable under the circumstances of the case; and

e.      The costs of this suit.

COUNT II
ASSAULT AND BATTERY
(Harvey Fuller)

91.    Plaintiff adopts and incorporates the facts set out above in support of this count.

92.    Defendants McDickinson, Koch Foods and Koch-Ala subjected Plaintiff to the threat of offensive and unwanted touching.

93.    Defendants McDickinson, Koch Foods and Koch-Ala subjected Plaintiff to offensive and unwanted touching.

94.    Defendants' conduct offended and embarrassed Mr. Fuller.

95.    Defendant McDickinson's actions toward Plaintiff were taken while she was acting in her role as his supervisor.

96.    Defendants Koch Foods and Koch-Ala ratified and permitted Defendant McDickinson's conduct.

97.   Defendants Koch Foods and Koch-Ala are liable for the conduct of Defendant McDickinson.

98.   Defendants injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants McDickinson, Koch Foods and Koch-Ala pursuant to an order awarding:

   a.   Compensatory damages to be determined by the trier of fact;

   b.   Punitive damages to be determined by the trier of fact;

   c.   Injunctive relief;

   d.   That relief which is fair, just and equitable under the circumstances of the case; and

   e.   The costs of this suit.

COUNT III
OUTRAGE

99.   Plaintiff adopts and incorporates the facts set out above in support of this count.

100.  Defendants McDickinson, Koch-Ala and Koch Foods acted intentionally to inflict emotional distress on Plaintiff.

101.  Defendant McDickinson's actions toward Plaintiff were taken while she was acting in her role as a human resource professional and supervisor to Plaintiff.

102.  Defendants Koch Foods and Koch-Ala ratified and permitted Defendant

McDickinson's conduct.

103.    Defendants Koch-Ala and Koch Foods are liable for the conduct of Defendant McDickinson.

104.    Defendants injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the entry of a judgment against Defendants McDickinson, Koch-Ala and Koch Foods pursuant to an order awarding:

a.    Compensatory damages to be determined by the trier of fact;

b.    Punitive damages to be determined by the trier of fact;

c.    Injunctive relief;

d.    That relief which is fair, just and equitable under the circumstances of the case; and

e.    The costs of this suit

**COUNT IV**
**NEGLIGENT/WANTON SUPERVISION, TRAINING, AND RETENTION**

105.    Plaintiff adopts and realleges the paragraphs above as if fully set forth in full herein.

106.    Defendant Koch-Ala had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including Plaintiff.

107.    Defendant Koch Foods had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including

Plaintiff.

108. Defendant Koch Foods knew, or should have known, of the conduct of Defendant McDickinson.

109. Defendant Koch-Ala knew, or should have known, of the conduct of Defendant McDickinson.

110. Defendants Koch Foods negligently supervised, trained and/or retained Defendant McDickinson.

111. Defendant Koch Foods-Ala negligently supervised, trained and/or retained Defendant McDickinson.

112. Defendants Koch Foods and Koch-Ala maliciously, deliberately, wantonly and/or negligently retained employees who engaged in tortious and/or illegal conduct, including, but not limited to, Defendant McDickinson.

113. Defendants Koch Foods and Koch-Ala failed to protect employees, such as Plaintiff, from the tortious treatment described in this Complaint.

114. As a result of the inaction by Defendants Koch Foods and Koch-Ala, Plaintiff was injured.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Koch Foods and Koch-Ala pursuant to an order awarding:

a.    Compensatory damages to be determined by the trier of fact;

b.      Punitive damages to be determined by the trier of fact;

c.      Injunctive relief;

d.      That relief which is fair, just and equitable under the circumstances of the case; and

e.      The costs of this suit

<u>COUNT V</u>
<u>TITLE VII</u>
<u>RETALIATION</u>

115.   This is a claim against Defendants Koch Foods and Koch-Ala arising under Title VII of the Civil Rights Act of 1964, as amended, for taking adverse actions against Plaintiff for opposing conduct made unlawful by Title VII.

116.   Plaintiff adopts and incorporates by reference the factual allegations set forth above.

117.   Plaintiff complained to Defendants of actions he believed in good faith to be racially discriminatory.

118.   Plaintiff opposed in good faith conduct he believed to be racially discriminatory.

119.   After Plaintiff opposed and complained to Defendants of actions he believed to be racially discriminatory, Defendants terminated his employment.

120.   Defendants told Mr. Fuller they were terminating him due to job abandonment.

121.  Mr. Fuller did not abandon his job.

122.  Defendants Koch Foods and Koch-Ala retaliated against Plaintiff for engaging in conduct protected by Title VII.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under Title VII of the Civil Rights Act of 1964, as amended, against Defendants Koch Foods and Koch-Ala pursuant to an Order awarding:

a.    backpay and pre-judgment interest;

b.    compensatory damages to be determined by the trier of fact;

c.    punitive damages to be determined by the trier of fact;

d.    nominal damages to be determined by the trier of fact;

e.    injunctive relief, including backpay and pre-judgment interest;

f.    that relief which is fair, just, and equitable under the circumstances of this case;

g.    reasonable attorney's fees; and

h.    the costs of this suit

COUNT VI
42 U.S.C. §1981
RETALIATION

123.  This is a claim against Defendants Koch Foods and Koch-Ala arising under 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended, for taking adverse actions against Plaintiff for opposing conduct he believed to be

racially discriminatory.

124.   Plaintiff adopts and incorporates by reference the factual allegations set forth above.

125.   Plaintiff complained to Defendants of actions he believed in good faith to be racially discriminatory.

126.   After Plaintiff opposed and complained to Defendants of actions he believed to be racially discriminatory, Defendants terminated his employment.

127.   Defendants told Mr. Fuller they were terminating him due to job abandonment.

128.   Mr. Fuller did not abandon his job.

129.   Defendants Koch Foods and Koch-Ala retaliated against Plaintiff for complaining of race discrimination.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under 42 U.S.C. §1981, against Defendants Koch Foods and Koch-Ala pursuant to an Order awarding:

a.   backpay and pre-judgment interest;

b.   compensatory damages to be determined by the trier of fact;

c.   punitive damages to be determined by the trier of fact;

d.   nominal damages to be determined by the trier of fact;

e.   injunctive relief, including backpay and pre-judgment interest;

f.      that relief which is fair, just, and equitable under the circumstances of this case;

g.      reasonable attorney's fees; and

h.      the costs of this suit

### COUNT VII
### SEXUAL HARASSMENT
### Title VII of the Civil Rights Act of 1964

130.    Plaintiff adopts and incorporates the facts set out above in support of this count.

131.    Defendants Koch Foods and Koch-Ala empowered Defendant McDickinson with supervisory authority over Fuller.

132.    McDickinson subjected Fuller to offensive and unwanted conduct based on his gender, male.

133.    The conduct to which McDickinson subjected Fuller was severe.

134.    The conduct to which McDickinson subjected Fuller was pervasive.

135.    The conduct to which McDickinson subjected Fuller affected and altered his work environment.

136.    Koch Foods and Koch-Ala McDickinson took an adverse action against Fuller when he did not engage in a physical/sexual relationship with McDickinson.

137.    Defendants Koch Foods and Koch-Ala injured Fuller by subjecting him to sexually harassing conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Fuller requests entry of an order against Defendants Koch Foods and Koch-Ala awarding:

a.    Backpay;

b.    Compensatory damages;

c.    Punitive damages;

d.    Injunctive relief including backpay, reinstatement and/or reasonable front pay;

e.    that relief which is fair, just and equitable;

f.    costs, including a reasonable attorney's fee

<u>COUNT VIII</u>
<u>RACE DISCRIMINATION</u>
<u>Title VII of the Civil Rights Act of 1964 and 42 USC §1981</u>

138.  Plaintiff Harvey Fuller adopts and incorporates the facts set out above in support of this count.

139.  Fuller's race is African-American.

140.  Fuller observed Defendants Koch Foods and Koch-Ala exhibit preferences in hiring for races other than African-American.

141.  Fuller observed Defendants Koch Foods and Koch-Ala subject African-American employees to disparate treatment with respect to the terms and conditions of employment.

142.  Koch Foods and Koch-Ala terminated Fuller's employment.

19

143.   Koch Foods and Koch-Ala told Fuller he was being terminated for job abandonment.

144.   Fuller did not abandon his job.

145.   Koch Foods and Koch-Ala gave lesser discipline than termination to white and/or Hispanic employees for "job abandonment."

146.   Fuller's race was a substantial or motivating factor in his termination.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of judgment under 42 U.S.C. §1981 and/or Title VII of the Civil Rights Act of 1964, as amended, against Defendants Koch Foods and Koch-Ala pursuant to an Order awarding:

a.   Backpay;

b.   Compensatory damages;

c.   Punitive damages;

d.   Injunctive relief including backpay, reinstatement and/or reasonable front pay;

e.   that relief which is fair, just and equitable;

f.   costs, including a reasonable attorney's fee

<u>COUNT IX</u>
<u>GENDER DISCRIMINATION</u>
<u>Title VII of the Civil Rights Act of 1964</u>

147.   Plaintiff adopts and incorporates the facts set out above in support of this

count.

148. Koch Foods and Koch-Ala terminated Fuller's employment after he left work using his lunch time to observe his child's school graduation.

149. Koch Foods and Koch-Ala told Fuller he was being terminated for job abandonment.

150. Fuller did not abandon his job.

151. Koch Foods and Koch-Ala gave lesser discipline than termination to female employees for "job abandonment" and/or leaving work without permission.

152. Fuller's gender was a substantial or motivating factor in his termination.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Fuller requests entry of judgment against Defendants Koch Foods and Koch-Ala awarding:

a.      Backpay;

b.      Compensatory damages;

c.      Punitive damages;

d.      Injunctive relief including backpay, reinstatement and/or reasonable front pay;

e.      that relief which is fair, just and equitable;

f.      costs, including a reasonable attorney's fee

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

<u>s/Heather Newsom Leonard</u>
Heather Newsom Leonard
Attorney Code - ASB-1152-061H
ONE OF THE ATTORNEYS
 FOR PLAINTIFFS

Cynthia Forman Wilkinson
Wilkinson Law Firm PC
215 N. Richard Arrington Jr. Blvd., Suite
200
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

Heather Newsom Leonard
Heather Leonard, PC
2105 Devereux Circle; Suite 111
Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

Sonya C. Edwards
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: scedwards@haynes-haynes.com

Alicia Kay Haynes
Haynes & Haynes, PC
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: akhaynes@haynes-haynes.com

22

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served on the following counsel of record on September 10, 2017, via the Court's electronic filing system on

Rachel V. Barlotta
Sharonda C. Fancher
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

Marion F. Walker
Corey Goerdt
FISHER PHILLIPS LLP
2323 2nd Avenue North
Birmingham, AL 35203

/s/ Heather Newsom Leonard
OF COUNSEL