# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT HARVEY FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 2:17-cv-00096-WKW-DAB |
| KOCH FOODS, INC.; KOCH FOODS OF ) | |
| ALABAMA, LLC; and MELISSA ) | |
| MCDICKINSON, ) | |
| ) | |
| Defendants. ) | |

## REPORT OF PARTIES' PLANNING CONFERENCE

1. **Appearances:**

Pursuant to Fed. R. Civ. P. 26(f), a conference of the Parties' representatives was held on September 27, 2017 and October 17, 2017, among the following:

   a. Appearing on behalf of the Plaintiff: Heather Leonard; HEATHER LEONARD, P.C.; 2105 Devereux Circle, Suite 111; Birmingham, AL 35243; Cynthia Forman Wilkinson; WILKINSON LAW FIRM, P.C.; 215 North Richard Arrington, Jr. Blvd., Ste. 200, Birmingham, Alabama 35203; and Alicia K. Haynes; HAYNES & HAYNES, PC; 1600 Woodmere Drive, Birmingham, AL 35226.

   b. Appearing on behalf of Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC: Rachel V. Barlotta,; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; Wells Fargo Tower, 420 North 20th Street, Suite 1400, Birmingham, AL 35203.

    c.    Appearing on behalf of the Defendants David Birchfield and Melissa McDickinson:   Marion F. Walker; FISHER & PHILLIPS, LLP; 2323 2nd Avenue North, Birmingham, AL 35203, and Corey Goerdt; FISHER & PHILLIPS, LLP; 1075 Peachtree Street NE; Suite 3500; Atlanta, GA 30309.

2. **Addition of Parties:**

   a. Plaintiff shall have until **December 1, 2017**, to join any additional parties without leave of court.

   b. Defendants shall have until **December 22, 2017**, to join any additional parties without leave of court.

3. **Amendment of Pleadings:**

   a. Plaintiff shall have until **December 2, 2017**, to amend pleadings to include new claims, without leave of Court.

   b. Defendants shall have until **December 23, 2017**, to amend pleadings without leave of Court.

4. **Discovery Limitations and Cutoffs:**

   a. Pre-discovery disclosure:

   Plaintiff proposes that the parties shall exchange the information required by Local Rule 26.1(a)(1) within fourteen days of the Rule 26 report being filed with the Court**.**   The exchange will include copies of all materials and/or evidence disclosed.   The parties consent to electronic exchange of this information.   The parties agree that their Rule 26 disclosures shall include the items and information contained in Part 2 (Production by Plaintiff) and Part 3 (Production by Defendant) of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action found in the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action (https://www.fjc.gov/sites/default/files/2012/DiscEmpl.pdf).

        Defendants Birchfield and McDickinson propose that the parties shall exchange the information required by Local Rule 26.1(a)(1) within fourteen days of the Rule 26 report being filed with the Court.

        Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC propose that the parties shall exchange the information required by Local Rule 26.1(a)(1) within fourteen (14) days of the report being filed with the Court.

b.    All discovery must be commenced in time to be completed by **August 3, 2018.**

c.    Scope of Discovery

        The parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

d.    Unless modified by written and filed Stipulation of the Parties:

    i.    Depositions:

        The parties agree that there will be a maximum of ten (10) depositions per party absent agreement of the parties or leave of the Court.  A deposition is limited to one (1) day with a maximum time limit of seven (7) hours of deposition time, excluding breaks and lunch.

        The parties shall notice a Rule 30(b)(6) deposition no less than twenty (20) business days prior to the date agreed to for the deposition.  Defending parties shall object and/or designate in writing their witness representatives, by paragraph or subject matter, ten (10) or more business days prior to the date of the deposition.

        Any Rule 30(b)(6) deposition notice for the deposition of Koch Foods, Inc. and/or Koch Foods of Alabama, LLC shall be served five (5) or more business days prior to the scheduled deposition dates for any employees of Koch Foods, Inc. and/or Koch Foods of Alabama.

ii.     Interrogatories:

        Each party is allowed a maximum of thirty-five (35) interrogatories to be directed to another party, with responses due within 30 days after service. Interrogatories which were served to locate Defendant McDickinson will not count against this number of permitted interrogatories.

        *Areas of disagreement*:

            Plaintiff proposes that electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

            Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC agree to electronic service and/or email of discovery papers.

            Defendants Birchfield and McDickinson do not agree to this proposal.

iii.    Requests for Admission:

        Each party is allowed a maximum of thirty-five (35) requests for admission to be directed to another party, with responses due within 30 days after service.

        *Areas of disagreement*:

            Plaintiff proposes that electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

    Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC agree to electronic service and/or email of discovery papers.

    Defendants Birchfield and McDickinson do not agree to this proposal.

iv.   Requests for Production:

Each party is allowed a maximum of forty-five (45) requests for production to be directed to another party, with responses due within 30 days after service. Requests for Production which were served to locate Defendant McDickinson will not count against this number of permitted requests for production.

If any information is withheld from production on the basis of a privilege, the information withheld will be identified on a privilege log in accordance with the example set forth in Appendix I of the Guidelines to Civil Discovery Practice in the Middle District of Alabama, effective February 9, 2015.

*Areas of disagreement*:

1. Plaintiff proposes that electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

    Defendants Birchfield and McDickinson do not agree to this proposal.

    Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC agree to electronic service and/or email of discovery papers.

2. Plaintiff proposes that the parties shall produce copies of all materials responsive to the requests at the time responses are produced.

    Defendants Birchfield and McDickinson do not agree to this proposal.

5

>> Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC, do not agree to this proposal to the extent Plaintiff also seeks to inspect original documents.

> v. Protective Orders:
>
> The Parties do not believe that a privacy protective order is necessary in this action at present time as Plaintiff and his representatives have agreed verbally and in writing to take all precautionary measures necessary to preserve and safeguard the confidentiality of third party identifying information (including social security numbers, dates of birth, and drivers' license numbers) both electronically and in hard copy format and has further agreed to only use such information for purposes of this litigation, specifically for locating and conducting background checks for testifying witnesses).  Any party who desires a Protective Order for personnel and/or business records shall file a motion seeking entry of any such proposed Order at least seven (7) days prior to the date designated to make disclosures under Rule 26, Fed. R. Civ. P. and/or prior to the time to respond to any discovery requests.  Failure to timely seek the entry of a protective order prior to raising any objections on privacy grounds will constitute a waiver of any privacy objections.
>
> Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC do not agree to any waiver of objections if a protective order is not filed seven (7) days prior to a response deadline.
>
> vi. Redactions
>
> All redactions shall be made in a conspicuous manner so that it is visibly apparent that a redaction has been intentionally made.
>
> *Areas of disagreement*:
>
>> Plaintiff proposes that the only redactions to documents will be based on privilege and a privilege log will be produced to explain any redactions.

>>Defendants do not agree that redactions must only be used on the basis of privilege. To the extent that redactions are made on the basis of privilege, Defendants do not object to recording and explaining the use of such redactions in a privilege log.

>vii. Subpoenas

>>The parties agree that prior to issuing any subpoena to a third-party, for the production of documents, or ESI, or for inspection of premises, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the issuing party shall provide a draft copy of the subpoena to the non-issuing party three (3) business days prior to sending the subpoena. If objections are raised to the subpoena, the parties shall confer prior to issuing party serving the subpoena and/or the non-issuing party filing a Motion to Quash.

>>The parties agree that electronic service (via email to all counsel of record, as well as Ms. Walker's assistant at vvaughn@fisherphillips.com) of a party's draft copy of a subpoena as set forth above will suffice.

>viii. Supplementation:

>>The parties agree that supplementation of disclosures under Rule 26(e), Fed. R. Civ. P., are due within twenty-one (21) days of learning of the need to supplement (i.e. within twenty-one days of discovery a witness and/or document), but no later than forty-five (45) days before the close of discovery.

5. **Expert Testimony:**

The disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert, are due:

a.  From the Plaintiff:      **June 6, 2018**

b.  From the Defendants:     **July 10, 2018**

6. **Class Certification Motions:**

   Not applicable.

7. **Dispositive Motions:**

   All potentially dispositive motions must be filed by **September 30, 2018.**

8. **Trial:**

   The parties request this case be set for trial in Montgomery, Alabama on or after the trial term for **May 2019**.

9. **Final Lists:**

   The deadlines for serving and filing lists of trial witnesses and exhibits under Rule 26(a)(3), Fed.R.Civ.P., or any objections thereto, shall be set in accordance with the pretrial order. Final lists of trial witnesses and exhibits under Rule 26(a)(3), Fed.R.Civ.P., must be served and filed:

   a. By the Plaintiff: 60 days prior to the trial date.

   b. By the Defendants: 60 days prior to the trial date.

   Objections are to be filed within 10 days after receipt of final lists of trial witnesses and exhibits.

10. **Scheduling Conference:**

    The parties request a scheduling conference prior to the entry of the Scheduling Order.

11. **Settlement/Mediation:**

    Plaintiff has contacted Defendant about the feasibility of settlement and believes that ADR may be helpful to resolve this matter. Koch Foods of Alabama mediated this case at the EEOC stage. The mediation was unsuccessful. Defendants' position is further ADR will not be helpful at this time.

12. **Electronic Discovery:**

    The parties are likely to seek discovery of electronically stored information ("ESI").

    *Areas of disagreement*:

    > Plaintiff proposes that when ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, reasonably accessible ESI may be produced in its native format as well as in a hard copy, .tif, .pdf, or other electronic format. The parties agree to immediately take reasonable steps to ensure the preservation of all potentially relevant ESI, including on or in personal or home computers and accounts.

    > Defendants Koch Foods, Inc., Koch Foods of Alabama, LLC, Birchfield and McDickinson propose that to the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the parties or upon a ruling by the Court for such information in that format. The parties will agree to the entry of any order regarding claims of privilege or for protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that such party produce a privilege log as to any such document. The parties agree to immediately take reasonable steps to ensure the preservation of all potentially relevant ESI, including on or in personal or home computers and accounts, including social media sites.

13. **Privilege**:

    The parties have agreed to resolve post-production claims of privilege or of protection as trial-preparation material as follows:

    If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim

should notify any party that received the information of the claim and the basis for it. After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information. If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim. In such a situation, the receiving party is prohibited from using or disclosing the information unless determination of waiver is made by the Court. If a receiving party disclosed the information before being notified of the claim, it must take reasonable steps to retrieve the information and any copies thereof from anyone to whom the information was disclosed.

The parties agree that documents or other discovery materials that are produced and contain privileged information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production.

14. **Consent to Electronic Signature.**

Counsel for the Defendants have given Heather Leonard permission to electronically sign their names on their behalf and file this document.

Submitted this the 20th day of October, 2017 by:

                        ATTORNEYS FOR PLAINTIFF:

                        /s Heather Newsom Leonard
                        Heather Newsom Leonard
                        HEATHER LEONARD, P.C.
                        2105 Devereux Circle, Suite 111
                        Birmingham, AL 35243
                        Tel: (205) 977-5421
                        Fax: (205) 278-1400
                        Email: Heather@HeatherLeonardPC.com

/s Cynthia Forman Wilkinson
Cynthia Forman Wilkinson
WILKINSON LAW FIRM, PC
215 N. Richard Arrington Jr. Blvd.
Ste. 200
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
Email: wilkinsonefile@wilkinsonfirm.net

/s Alicia K. Haynes
Alicia K. Haynes
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Tel.:   (205) 879-0377
Fax:   (205) 897-3572
Email: akhaynes@haynes-haynes.com
         scedwards@haynes-haynes.com


ATTORNEYS FOR DEFENDANTS
KOCH FOODS, INC. and KOCH FOODS
OF ALABAMA, LLC:

/s Rachael V. Barlotta
Rachael V. Barlotta
Sharonda C. Fancher
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203
Tel:   (205) 328-0480
Fax:   (205) 322-8007
Email:   rbarlotta@bakerdonelson.com
         sfancher@bakerdonelson.com

11

ATTORNEYS FOR DEFENDANTS
DAVID BIRCHFIELD AND MELISSA
MCDICKINSON:

/s Marion F. Walker
Marion F. Walker
FISHER PHILLIPS, LLP
2323 2nd Avenue North
Birmingham, AL 35203
Tel:    (205) 327-8354
Fax:    (205) 718-7607
Email:    mfwalker@laborlawyers.com
Corey Goerdt
FISHER PHILLIPS, LLP
1075 Peachtree Street NE, Suite 3500
Atlanta, GA 30309
Tel:    (404) 240-4212
Fax:    (404) 240-4249
Email: cgoerdt@fisherphillips.com