# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROBERT HARVEY FULLER,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No.** |
| **KOCH FOODS, INC.;** ) | **2:17-cv-00096-ECM-WC** |
| **KOCH FOODS OF ALABAMA,** ) | |
| **LLC; and MELISSA** ) | **OPPOSED** |
| **MCDICKINSON** ) | |
| ) | |
| **Defendants**. ) | |

## DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY OUT OF TIME

COME NOW Defendants Koch Foods, Inc., Koch Foods of Alabama, LLC, ("Koch Foods") and Melissa McDickinson ("McDickinson") and move the Court for an order allowing additional discovery. The case is currently set to be ready for trial during or after October, 2019, and dispositive motions are pending before the Court. This Motion does not seek to postpone the trial date, nor change the dispositive motion deadline. In support of this motion, Defendants state the following:

**1.     PROCEDURAL AND FACTUAL BACKGROUND**

1.     This case arises from termination of Plaintiff's employment from Koch Foods of Alabama, LLC. Plaintiff asserts claims for sexual harassment, sex

1

discrimination and retaliation. Plaintiff seeks to recover lost wages, front pay, mental anguish, and punitive damages from Defendants. (Doc 70 at 12). In particular, Plaintiff claims, as part of his mental anguish damages, that he was unable to support his family because of his termination from Koch Foods.

2. Plaintiff alleges that one of the events upon which he bases his sexual harassment claim occurred at Bar 19 which is a nightclub that Plaintiff owned and operated. Commerce Restaurant Concepts, LLC ("CRC") is the commercial entity that owned and operated Bar 19. Importantly, Plaintiff worked at Bar 19 both during and after his employment with Koch Foods of Alabama. At various times, Plaintiff earned a salary from Bar 19 and also received income in the form of tips from bartending. In October of 2015, CRC closed the bar, and according to Plaintiff, this resulted in a financial loss of at least a quarter of a million dollars to him and the other owners. (Excerpts of the Deposition testimony of the Plaintiff, attached hereto Exhibit 1, at 16-19, 283, 286, 499).

3. Plaintiff alleged Bar 19, through its owner, CRC, employed Joe Sutton as a back bar helper. Plaintiff and Joe Sutton claim that Joe Sutton was present on the night McDickinson visited Bar 19, during which Plaintiff alleges she engaged in misbehavior that he claims is actionable in this case.

4. The Uniform Scheduling Order in this case was entered on January 19, 2018. Pursuant to that Order, the discovery deadline in this matter was August

3, 2018. (Doc. 90). The Court later extended the discovery deadline to September 7, 2018 (Doc 112).

5. Koch Foods served its First Interrogatories and Requests for Production of Documents on the Plaintiff on January 23, 2018. (Doc. 139-2). The Interrogatories requested that Plaintiff provide information regarding his post-termination employers (Doc. 139-2, Interrogatory No. 2), persons who might have documents responsive to Koch Foods' Requests for Production (Interrogatory No. 8), and whether the Plaintiff had been self-employed (Doc. 139-2, Interrogatory No. 12).

6. The Plaintiff responded to Koch Foods' Interrogatories and Requests for Production, supplemented his responses, then finally served his Third Amended Responses to Koch Foods' First Interrogatories on June 26, 2018. (Doc. 139-2). In none of his responses to discovery did the Plaintiff ever list CRC as one of his employers (Doc. 139-2, Interrogatory No. 2). He also failed to identify Emmett Hampton ("Hampton") - his personal attorney, brother, and co-investor in CRC, preparer of CRC's Articles of Incorporation and the Registered Agent for CRC - as one who might have documents or information responsive to Koch Foods' Interrogatories or Requests for Production (Doc. 139-2, Interrogatories 8, 9). The Plaintiff never stated that he considered himself to be self-employed (Doc. 139-2, Interrogatory No. 12).

7. On June 21, 2018, Defendants deposed Plaintiff. Plaintiff testified he did not know the names of the bartenders who might have been present during events he alleges or who might have documents pertaining to those events (Ex. 1 at 16-18). Plaintiff stated that he would have to consult records for CRC and his business partners, Drue (sic) Fortune and Hampton, to find such names and documents. (Ex. 1 at 16-18, 286). He also stated that Hampton kept the books and records for CRC and should have documents and knowledge regarding CRC (Ex. 1 at 18, 175, 287).

8. Despite his Interrogatory answers, Plaintiff admitted in his deposition that he owned 33 percent of CRC, which operated Bar 19 (Ex. 1 at 283); that he received a salary from CRC and earned tips (Ex. 1 at 290, 293); that he worked at Bar 19 four or five days a week while he was also employed at Koch Foods and continued working there after his employment with Koch Foods ended. (Ex. 1 at 497). To date, the Plaintiff has not supplemented his Initial Disclosures, Answers to Interrogatories, nor Requests for Production with names or documents which Koch Foods ultimately had to try and obtain directly from the third party, CRC.[1]

---

[1] In responding to a request for production the responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, actual possession, custody or control are not required; rather, "control" for purposes of discovery includes a party's "legal right to obtain the documents requested upon demand." *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016) (quoting *SeaRock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984)). Under Alabama's Limited Liability Company Act, § 10-12-16, Ala. Code 1975, the Limited Liability Company ("LLC") shall maintain certain records and books§ 10-12-16(a). Further, a member of the LLC has the right to inspect and copy for any proper purpose, upon reasonable request, the books and records of the limited liability company, wherever situated. § 10-12-16(b), Ala. Code 1975. As a 33% owner of CRC, Plaintiff had the right to request such records requested from the LLC in which he was a 33% owner.

4

Plaintiff has never produced any records or other information to show what income he earned from Bar 19 before, during, or after his employment with Koch Foods.

9. On July 10, 2018, Koch Foods issued a Rule 45 subpoena to CRC. (Koch Foods Subpoena to CRC, filed as Exhibit 2). The subpoena sought records of wages CRC paid to the Plaintiff in this case; records evidencing the work schedule of the Plaintiff in this case while he was employed by CRC; records pertaining to another employee of CRC, Joe Sutton, identified by the Plaintiff in this case as a co-worker and witness to the alleged encounter with Defendant McDickinson; and receipts for purchases made by patrons of Bar 19 who are alleged to have been witnesses to the events underlying the Complaint, including McDickinson. (Ex. 2). CRC refused to pick up the subpoena which was served via certified mail. Ultimately, the subpoena was hand delivered to the business office of the registered agent for CRC on August 21, 2018. (August 21, 2018 Letter via Hand Delivery to Hampton, filed as Exhibit 3).

15. On July 16, 2018 McDickinson issued a subpoena to CRC requesting time and pay records on Joe Sutton for February 1 through May 29, 2015. (McDickinson Subpoena to Commerce Restaurants Concepts, LLC c/o Emmett Hampton 609 McDonough St. in Montgomery, AL, filed as Exhibit 4). There was difficulty in serving the subpoena, but Proof of Service was made on August 18, 2018. (McDickinson Proof of Service of Subpoena to CRC, filed as Exhibit 5).

16. CRC failed to respond to the properly served subpoena. McDickinson's attorney sent a letter by email, fax and text, to Hampton on August 31, 2018. Hampton was asked to take pains to search for and produce time and pay records as requested in the subpoena as soon as possible because the deposition of Joe Sutton was set and discovery was ending in one week. There was no response to the letter.

17. When CRC did not timely respond to its subpoena, Koch Foods also sent letters and made phone calls to Hampton seeking compliance with the subpoena. (August 30, 2018 Letter to Hampton, filed as Exhibit 6).

18. In a phone conversation on September 4, 2018, Hampton promised to look for and provide the responsive records by the end of the week, but never did. (September 14, 2018 Letter to Hampton, filed as Exhibit 7).

19. On October 15, 2018, Koch Foods filed a motion to compel (Doc 166). The Court granted the Motion on the same date and gave CRC until October 25, 2018, to respond to the subpoena. (Doc 167). Koch Foods sent the order to Hampton, but he failed to respond by the Court's deadline. (October 16, 2018 Letter to Hampton, filed as Exhibit 8).

20. On multiple occasions between October 25, 2018, and November 23, 2018, Koch Food sought compliance with the Court order by phone and email. Koch Foods' counsel sent an additional letter via overnight delivery to Hampton

once again asking for CRC's response to the subpoena by November 26, 2018, and stating that Koch Foods would have to file a motion for contempt otherwise. (November 26, 2018 Email to Hampton, filed as Exhibit 9).

21. On November 27, 2018, Hampton telephoned counsel for Koch Foods and claimed his email was not working properly and that he had not received any emails. That same day, Hampton sent a letter claiming that CRC had no responsive records, including no records of Plaintiff's employment and no records of any charges made by customers in 2015. The letter provided no explanation as to what happened to the records, where else the records might be kept, or who might have kept the records. ("CRC's response")  (Letter from Hampton, filed as Exhibit 10).

22. On January 30, 2019, Defendants conferred with Plaintiff regarding the proposed motion in an effort to resolve this matter without judicial intervention. (January 30-31 Email Correspondence between counsel for the parties, filed as Exhibit 11). Plaintiff opposed the motion, but did not explain his reason for doing so. Instead, his counsel asked for an in-person meeting at some point during the trial of another matter. Counsel for the parties did not confer during the trial about this matter. To date, Plaintiff has not explained the basis for his opposition or otherwise offered any proposed compromise to resolve this matter without judicial intervention.

**II. SCOPE OF ADDITIONAL DISCOVERY REQUESTED**

Defendants seek the opportunity to depose Hampton and Dru Fortune - the co-owners of CRC. The depositions would be to specifically learn where documents regarding CRC's employees and business records were kept, the names of any Bar 19 employees, whether Plaintiff or any other person ever kept or possessed such records, whether such records were lost or destroyed, and who other than Hampton might have had possession of the documents in question, such as an accountant or another representative, employee, owner or agent of CRC. The limited discovery Defendants seek would also likely include the issuing of subpoenas to persons identified by Hampton and Fortune as having been, or who may have been in custody, or control of the records. Such discovery could also include taking follow-up depositions of those persons identified by Hampton and Fortune who may have, or may have at some point in time, custody or control of the records relating to the Plaintiff's employment with CRC and transactions and events which the Plaintiff alleges occurred on the premises of "Bar 19," an entity owned and operated by CRC and where the Plaintiff worked.

### III.  ARGUMENT.

Rule 16(b)(4) provides that once a scheduling order is entered, it "may be modified for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established

relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.,* 357 F.3d 152, 154 (9th Cir. 2004).  A court may extend a scheduling order deadline upon a showing of good cause. *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417 , 1419 (11th Cir.1998).   Good cause requires that "the `party seeking relief . . . show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters. LLC v. Southtrust Bank of Ala.,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). *See also* FED. R. CIV. P. 16 advisory committee's notes (1983 amendment).  Federal courts have analyzed the following factors to determine whether there is good cause: "`(1) the explanation for the failure to [conform to the scheduling order]; (2) the importance of the [proposed modification]; (3) potential prejudice in allowing the [proposed modification]; and (4) the availability of a continuance to cure such prejudice.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003) (quoting *S & W Enters.*, 315 F.3d at 536) (reviewing an untimely motion for leave to amend and untimely submission of expert reports).

Pursuant to this test, Koch Foods should be allowed to engage in limited, additional discovery regarding CRC.  First, the primary reasons for its inability to obtain the needed information prior to the discover deadline rests with Plaintiff for failing to disclose CRC in his written discovery responses, failed to produce

9

documents related to his earnings at CRC, and CRC's extensive delay in responding to Koch Foods' subpoena. Second, the proposed discovery is vitally important as the records of CRC pertain to Plaintiff's damages claim, additional witnesses to the alleged events, and documents which would show the times and dates of McDickinson's purchases from Bar 19. Such records are critical to Defendants' statute of limitations defense. Finally, there is no prejudice to the Plaintiff in allowing the additional, limited discovery, because the trial date is eight months away and the discovery sought is limited in time and scope. Thus, a continuance of any other deadline is not needed. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003).

In sum, Plaintiff's actions, and those of his attorney brother, have denied Defendants access to critical discovery. Plaintiff omitted reference to CRC in his written discovery responses and then pointed to his brother Hampton as the individual with knowledge of and access to CRC records. Hampton then delayed in responding to Koch Foods' subpoena until after the discovery deadline passed, and not at all to McDickinson's subpoena, and only then divulged that he had no such records. Their actions have left Defendants in the untenable position of being unable to conduct further discovery to ascertain the whereabouts of the records, or to identify other individuals who might have access to, or knowledge of the records. As a result of diligent efforts, but callous refusals to respond to lawfully

issued subpoenas, Defendants should be permitted to conduct limited, additional discovery to obtain the requested Bar 19 records, or the Plaintiff's claim for damages circumscribed.

## IV. CONCLUSION.

Koch Foods diligently attempted obtain records and witness information from Bar 19 that are material to defend against Plaintiff's claims. Shortly after the Plaintiff's deposition Koch Foods used a subpoena to try and obtain those records from the non-party, CRC. CRC refused to respond for over five (5) months and ultimately CRC did not produce any documents. When CRC did finally respond, in the face of a threatened Motion for Contempt, CRC's registered agent did not provide managers' names and contact information at all but merely stated that he did not have any records and that CRC managers did not have any records, either. That same CRC registered agent refused to respond at all to McDickinson's requests. Defendants will be denied substantial justice and suffer irreparable harm if not allowed to pursue the requested additional discovery, that does not harm or cause any hardship to Plaintiff. Therefore, Defendants respectfully asks this Court to allow for thirty (30) days in which to depose Hampton and Fortune; and, sixty (60) days following the same to issue subpoenas and depose key third parties, not to exceed four (4) in number, Hampton may identify, for a total of ninety (90) days in which to conduct additional discovery relating to records of a

key witness' employment and the Plaintiff's employment with and ownership of CRC.

WHEREFORE, premises considered, Defendants move the Court to reopen discovery, for an additional period of up to ninety (90) days and for the limited purpose of obtaining discovery of the information sought in Defendants' subpoenas to CRC, plus such other further or different relief the Court may deem appropriate in the circumstances.

Respectfully submitted,

*s/ Rachel V. Barlotta*
RACHEL V. BARLOTTA
BENTLEY H. PATRICK
SHARONDA C. FANCHER
Attorneys for Defendants
Koch Foods, Inc. and Koch Foods of Alabama, LLC

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

*/s/ Marion F. Walker with permission*
Marion F. Walker
ASB-0734-L73M
mfwalker@fisherphillips.com
FISHER & PHILLIPS LLP

12

2323 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 327-8354
Facsimile: (205) 718-7607

Corey Goerdt
Georgia Bar No. 437210
cgoerdt@fisherphillips.com
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249

*Counsel for Defendant*
*Melissa McDickinson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 27th day of February, 2019, this document was served on counsel of record listed below via the court's e-filing system and email:

Cynthia Forman Wilkinson
Wilkinson Law Firm PC
215 N. Richard Arrington Jr. Blvd., Suite 200
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

Heather Newsom Leonard
Heather Leonard, PC
2105 Devereux Circle; Suite 111
Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

Alicia Kay Haynes
Charles E. Guerrier
Haynes & Haynes, PC
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: akhaynes@haynes-haymes.com
Email: cguerrier@haynes-haymes.com

/s/ *Rachel V. Barlotta*
Of Counsel