# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| ROBERT HARVEY FULLER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 2:17-cv-96-ALB |
| KOCH FOODS, INC., *et al.*, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination lawsuit between Robert Fuller ("Plaintiff"), his former employer, Koch Foods of Alabama, LLC, his former employer's related company, Koch Foods, Inc., and his former co-worker, Melissa McDickinson. This matter comes before the court on the following motions: Defendant McDickinson's Motion for Summary Judgment (Doc. 148); Defendant Koch Foods of Alabama, LLC's Motion for Summary Judgment (Doc. 158); Motion for Summary Judgment by Koch Foods, Inc., as to Plaintiff's Claims (Doc. 165); and Defendant Koch Foods, Inc., and Koch Foods of Alabama, LLC's Objections to and Motion to Strike Portions of Plaintiff's Evidentiary Submission in Support of His Opposition to Defendant's Motion for Summary Judgment (Doc. 204). The respective motions have been fully briefed and are ripe for decision.

**I.    JURISDICTION AND VENUE**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action, and the Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The Court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials.... [A] party who does not

have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish - with evidence beyond the pleadings - that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. BACKGROUND

Defendant Koch Foods of Alabama, LLC ("Ala-Koch") is a chicken processing facility in Montgomery, Alabama. Koch Foods, Inc. ("Koch Foods") owns Ala-Koch and several other processing facilities. On behalf of Ala-Koch, Complex Human Resources ("HR") Manager David Birchfield hired Defendant Melissa McDickinson as a HR Supervisor in 2014, and later promoted her to HR Manager of the debone plant.

On February 9, 2015, a temporary staffing agency assigned Plaintiff to work at Ala-Koch as a temporary employee in the HR department at the Ala-Koch debone plant. On March 9, 2015, McDickinson hired Fuller as a full-time Ala-Koch employee to work under her supervision. During the course of his employment with

Ala-Koch, Plaintiff alleges that McDickinson sexually harassed him by kissing him, touching his chest, placing her breasts on him, requesting sexual favors, suggesting that he leave his family for her, asking him to sit in her lap, calling him at home at inappropriate times, and making sexual comments to him when she visited a bar that Plaintiff owned and operated. Plaintiff alleged that he was afraid to report the sexual harassment to Birchfield because he had heard that Birchfield and McDickinson were in a sexual relationship. In May 2015, Plaintiff sent an email to Birchfield and McDickinson reporting a claim of racial discrimination which another employee had reported to him regarding disproportionate discipline received by African-American employees. Two days later, McDickinson terminated Plaintiff's employment on the basis that he had abandoned his employment while he was attending his son's elementary school graduation during his lunch break.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on October 9, 2015, alleging race discrimination, sexual harassment, and retaliation. The EEOC issued a Notice of Right to Sue letter to Plaintiff on February 27, 2017. Plaintiff filed a Complaint in this court on February 16, 2017. In the Third Amended Complaint, Plaintiff averred the following counts:

>Count I – Invasion of Privacy.
>Count II – Assault and Battery.
>Count III – Outrage.
>Count IV – Negligent/Wanton Supervision, Training and Retention against Koch Foods and Ala-Koch.

Count V – Retaliation against Defendants Koch Foods and Ala-Koch arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").
Count VI – Retaliation against Defendants Koch Foods and Ala-Koch arising under 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended ("1981").
Count VII – Sexual Harassment against all Defendants under Title VII.
Count VIII – Race Discrimination against Defendant Koch Foods and Ala-Koch under Title VII and 1981.
Count IX – Gender Discrimination against Defendant Koch Foods and Ala-Koch under Title VII.

Each of the Defendants have filed motions seeking summary judgment. The motions of the respective Defendants will be addressed below.

## IV. DISCUSSION

### A. Claims against McDickinson

Only the first three state-law claims for Invasion of Privacy, Assault and Battery, and Outrage are stated against McDickinson.

As to Invasion of Privacy, Plaintiff argues that "McDickinson's conduct invaded Fuller's personal and emotional sanctum by physically touching him and subjecting him to overtly sexual comments." (Doc. 194 at 4). The Eleventh Circuit has held that:

> As to the invasion of privacy and intentional infliction of emotional distress claims, a plaintiff in Alabama must show that the defendant's conduct was so outrageous that it caused the plaintiff mental suffering, shame, or humiliation (for invasion of privacy) or that it cannot be tolerated in a civilized society (for intentional infliction). *McIsaac v. WZEW–FM Corp.,* 495 So. 2d 649, 651 (Ala. 1986).

5

*Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287, 1308–09 (11th Cir. 2007). The Alabama Supreme Court has described the tort of Invasion of Privacy "as the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Phillips v. Smalley Maintenance Services,* 435 So. 2d 705 (Ala. 1983); *Restatement (Second) of Torts* § 652B (1977)." *McIsaac*, 495 So. 2d at 651. That court further noted that "'Even the dire affront of inviting an unwilling woman to illicit intercourse has been held by most courts to be no such outrage as to lead to liability.' *Logan v. Sears, Roebuck & Co.,* supra, at 124; W. Prosser, *Law of Torts,* 54–55 (4th ed. 1971)." *McIsaac*, 495 So. 2d at 652.

Here as in *McIsaac*, even construing the allegations in the light most favorable to Plaintiff, "the alleged intrusion and examination into [Plaintiff]'s private concerns fall short of that required to constitute this tort." *Id.* When asked if Plaintiff "ever [felt] physically threatened by any of Ms. McDickinson's actions towards [him]," Plaintiff clarified the question by asking, "Physically threatened as in physical danger or harm to myself?" and responded, "no." (Doc. 149-5 at 114). Accordingly, McDickinson's motion for summary judgment is due to be granted on Plaintiff's claim for Invasion of Privacy.

Plaintiff's claim of the tort of Outrage falls similarly short. The Alabama Supreme Court has held:

> To be actionable under the tort of outrage, the conduct involved must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and ... be regarded as atrocious and utterly intolerable in a civilized society." *American Road Service Co. v. Inmon,* 394 So. 2d 361, 365 (Ala. 1980) (citing *Restatement (Second) of Torts* § 46, Comment d., at 73 [1965] ).

*McIsaac*, 495 So. 2d at 652. Even viewing the allegations in this case in the light most favorable to the Plaintiff, McDickinson's "behavior extended to 'mere insults, indignities, threats [or] annoyances,' for which the law will not hold one liable in tort. *Restatement (Second) of Torts* § 46, Comment d., (1965); *Logan v. Sears, Roebuck & Co.,* 466 So. 2d 121 (Ala. 1985)." *McIsaac*, 495 So. 2d at 651. Sexual harassment is not a tort under Alabama state law. Accordingly, McDickinson's motion for summary judgment is due to be granted as to the claim of Outrage.

Finally, Plaintiff asserts a claim of assault and battery against McDickinson. "The plaintiff in an action alleging assault and battery must prove '(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner.'" *Harper v. Winston County,* 892 So. 2d 346, 353 (Ala. 2004) (citation omitted). It is well-established that "[a]n actual injury to the body is not a necessary element of a civil assault and battery." *Surrency v. Harbison,* 489 So. 2d 1097, 1104 (Ala. 1986).

McDickinson does not, and cannot, argue that Plaintiff has failed to adduce substantial evidence that McDickinson intentionally touched his person. Fuller testified that McDickinson grabbed his face, touched his chest, rubbed her breasts

against him, and attempted to kiss him. Instead, McDickinson apparently contends that Plaintiff has failed to present evidence that the alleged touchings were sufficiently "harmful" or "offensive." Alabama caselaw, however, supports a contrary conclusion.

In *Ex parte Atmore Community Hosp.,* 719 So. 2d 1190, 1194 (Ala. 1998), the plaintiff "presented evidence indicating that [defendant] touched her waist, rubbed against her when passing her in the hall, poked her in the armpits near the breast area, and touched her leg." The plaintiff "also presented evidence indicating that each of these touchings was intentional, was conducted with sexual overtones, and was unwelcome." *Id.* The court concluded that "[t]hese factual assertions constituted substantial evidence that [defendant] committed a battery." *Id.* The evidence presented against McDickinson is sufficiently similar. Summary judgment will be denied with respect to this claim.

**B. Claims against Koch Foods**

Koch Foods moved for summary judgment as to all claims against it. (Doc. 165). Specially, Koch Foods argued that there was no evidence that Koch Foods was Plaintiff's employer, that any Koch Foods employee was in any way involved in his employment or termination, or that Koch Foods was an alter ego of Ala-Koch. Plaintiff has filed to produce any evidence that Koch Foods or any of its employees harassed, discriminated against, or otherwise controlled, had knowledge of, or

8

ratified such conduct against Plaintiff. Other than the general and undisputed evidence that Koch Foods is the parent company of Ala-Koch, Plaintiff offered no other evidence to support any of his claims against Koch Foods, and Plaintiff failed to respond to any of the arguments presented by Koch Foods in its motion for summary judgment. In the absence of any evidence to support Plaintiff's claims against Koch Foods, its motion for summary judgment is due to be granted.

**C. Claims against Ala-Koch**

1. Race Discrimination under Title VII and Section 1981.

Ala-Koch argues that "[n]o evidence demonstrates that Fuller's termination was a result of intentional race discrimination." (Doc. 164 at 32). Specifically, Ala-Koch argues that Plaintiff "cannot show he was treated differently that a similarly-situated comparator" and that "no reasonable inference can be drawn that the same individuals who hired Fuller also intended to terminate him because of his race." *Id.* at 31-32. Plaintiff's response in opposition to Defendants' motion for summary judgment does not address this argument. (Doc. 196). This Court is not under a duty to exercise imagination or conjure what a party might have argued. *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. *Blue Cross & Blue Shield v. Weitz,* 913 F.2d 1544, 1550 (11th Cir.1990)."). Plaintiff's Complaint stated a bare

9

allegation that "Ala-Koch gave lesser discipline than termination to white and/or Hispanic employees for 'job abandonment.'" (Doc. 70 ¶145). However, Plaintiff failed to respond in his Response to the motion for summary judgment that he was subject to any discipline greater than any other employee based on race. There is no evidence before this Court to support the Plaintiff's allegation that he was terminated or received any other disparate treatment on the basis of his race. Ala-Koch's motion for summary judgment is due to be granted on this issue.

> 2. Sexual Harassment Claims

Ala-Koch argues that Plaintiff "cannot establish the alleged conduct was severe or pervasive and, thus, his Title VII sexual harassment claim fails." (Doc. 164 at 22). To establish a sexual-harassment claim under Title VII where the plaintiff alleges that the harassment itself changed his or her conditions of employment, the plaintiff must show: "(1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)(citation omitted). In this case, however, Plaintiff is not

arguing that the harassment itself was so severe and pervasive that it constituted a change in employment conditions. Rather, Plaintiff is arguing that Ala-Koch permitted McDickinson to take employment action against him, i.e. to terminate his employment, because he declined her advances. (Doc. 196 at 54-55). The Eleventh Circuit has approved this theory of liability in a sexual harassment case like this one. *See Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004) (reversing district court's grant of summary judgment and remanding for a trial on plaintiff's theory that employer is vicariously liable to her for a Title VII violation she suffered because her supervisor "fired her for refusing to give in to his sexual advances.").

Ala-Koch also argues that Birchfield, not McDickinson, made the decision to terminate Plaintiff's employment. However, that is a genuine issue of fact because (a) McDickinson was Fuller's immediate supervisor, (b) evidence suggests that she and Birchfield were having an affair,[1] (c) an email shows that she and Birchfield communicated about the termination, and (d) Ala-Koch concedes that evidence shows "McDickinson relayed to Birchfield that Fuller had left work without permission," which is the act that ostensibly led to his termination. This is enough

---

[1] While the Defendants have raised certain objections to the fact issue whether Birchfield and McDickinson were involved in a sexual relationship during the periods relevant to this litigation, there is sufficient evidence before this court for the purposes of review on a motion for summary judgment. *See* (Doc. 195-10 at 6); (Doc. 195-12 at 30-31); (Doc. 195-13 at 9); and (Doc. 195-16 at 5-11).

evidence for a jury to disbelieve Birchfield's assertion that he alone made decision to terminate Fuller.

Ala-Koch also argues that Plaintiff's complaint of his adverse employment action was untimely. However, there is no dispute that this action was filed within the statute of limitations from the date of Fuller's termination. "[A] person seeking to file a Title VII lawsuit must first file a timely charge with the EEOC alleging a Title VII violation and exhaust all remedies provided by the EEOC. 42 U.S.C. § 2000e–5; *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Charges must be in writing, be under oath or affirmation, and contain the information and be in the form the EEOC requires. *Id.* § 2000e–5(b); 29 C.F.R. § 1601.3(a) (2000)." *Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir.), *cert. denied sub nom. Xingzhong Shi v. Montgomery*, 138 S. Ct. 121, 199 L. Ed. 2d 32 (2017). "The applicable period for filing an EEOC charge of discrimination does not begin to run until the employee receives unequivocal notice of an adverse employment decision. Stewart v. Booker T. Washington Ins., 232 F.3d 844, 849 (11th Cir. 2000). *Shi*, 679 F. App'x at 831. In this case, Plaintiff did not receive an unequivocal notice of adverse employment action until his termination on May 29, 2015, and he filed a complaint with the EEOC 133 days later on October 9, 2015. That termination, not the allegedly harassing conduct itself, is what Fuller argues wrongfully changed the

conditions of his employment. Accordingly, Ala-Koch's motion for summary judgment on Plaintiff's claim of sexual harassment is due to be denied.

### 3. Retaliation Claims

Ala-Koch argues that Plaintiff cannot establish a prima facie case of retaliation. The Eleventh Circuit has explained that federal law prohibits employers from taking adverse action against employees for opposing racial discrimination:

> Title VII and § 1981 prohibit employers from taking adverse actions against employees in retaliation for their opposition to statutorily prohibited racial discrimination. *See* 42 U.S.C. § 2000e–3(a); *CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 446, 128 S.Ct. 1951, 1954–55, 170 L.Ed.2d 864 (2008). In the employment context, the same substantive analysis applies to claims of discrimination under § 1981 and Title VII. *Turnes v. AmSouth Bank,* 36 F.3d 1057, 1060 (11th Cir.1994).

*McQueen v. Wells Fargo*, 573 F. App'x 836, 839 (11th Cir. 2014).

> A *prima facie* case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Pennington v. City of Huntsville,* 261 F.3d 1262, 1266 (11th Cir.2001).

*Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). "To meet the causal link requirement, the plaintiff 'merely has to prove that the protected activity and the negative employment action are not completely unrelated.' *E.E.O.C. v. Reichhold Chemicals, Inc.,* 988 F.2d 1564, 1571–72 (11th Cir.1993)." *Hawkins v. Potter*, 316 F. App'x 957, 961 (11th Cir. 2009).

13

In this case, Plaintiff alleged that Ala-Koch, through the actions of McDickinson, retaliated against him for reporting a claim of racial discrimination that another employee had reported to him regarding disproportionate discipline received by African-American employees. Ala-Koch argues that this allegation cannot serve as the basis for a retaliation claim. However, the question whether HR employees are covered by retaliation protection when they raise claims on behalf of other employees and whether they can still be fired for the manner in which they raise those claims is currently pending before the *en banc* Eleventh Circuit. *See Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 904 F.3d 1226, 1237 (11th Cir. 2018), *reh'g en banc granted, opinion vacated,* No. 16-16850, 2019 WL 2498915 (11th Cir. June 17, 2019). *Gogel* suggests at least the possibility that a viable claim of retaliation exists when substantial evidence supports that the manner in which an HR employee plaintiff raised race claims on behalf of other employees could have served as the basis for an adverse employment action. Further, given the timing and circumstances of Plaintiff's dismissal two days after he made the complaint, there is substantial evidence that the reasons claimed by Ala-Koch for his dismissal were pretextual. Accordingly, Ala-Koch's motion to dismiss on this issue is due to be denied without prejudice. This issue may be addressed again, if appropriate, after the Eleventh Circuit decides *Gogel*.

    4. Gender Discrimination Claims

Ala-Koch argues that Plaintiff has failed to support his claims of gender discrimination. Gender discrimination claims involving circumstantial evidence are analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Jefferson v. Sewon Am. Inc.*, 891 F.3d 911, 921-22 (11th Cir. 2018). Under this framework, the plaintiff is first required to establish a *prima facie* case of discrimination. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). To establish a *prima facie* discrimination claim, the plaintiff must show, among other things, that he suffered an adverse employment action and that he was treated less favorably than a similarly-situated individual outside his protected class. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). Under *McDonnell Douglas,* if Plaintiff establishes a *prima facie* case, the burden then shifts to the employer to provide "legitimate, nondiscriminatory reasons for the challenged employment action." *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997). Defendant's burden is "exceedingly light," and Defendant must merely proffer a non-discriminatory reason for the adverse employment action, not prove it. *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1019 (11th Cir.1994) (quoting *Perryman v. Johnson Prods. Co., Inc.,* 698 F.2d 1138, 1142 (11th Cir.1983)). "If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production

shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)(citation omitted).

In this case, Plaintiff argues that Ala-Koch engaged in gender discrimination against him because it "gave lesser discipline than termination to female employees for "'job abandonment' and/or leaving work without permission." (Doc. 70 ¶ 151). Ala-Koch does not dispute that their proffered reason for terminating his employment was "for abandoning his job." (Doc. 164 at 16). Ala-Koch does not dispute that Plaintiff attempted to alert McDickinson before he clocked out from work to attend a school function for his child. Rather, Ala-Koch relies on McDickinon's testimony that she "did not hear [Plaintiff] tell her that he was leaving." *Id.* at 13. Ala-Koch further acknowledges that McDickinson was mad at Plaintiff for leaving, that he was denied re-entry to the work site, and that he called McDickinson and Birchfield after he was refused entry.

As to Plaintiff's replacement, the parties dispute whether he was replaced by an Asian man or a white woman. Further, the parties dispute the number of HR employees who left their jobs without permission without their employment being terminated. As to two comparators, Cortes and McDickinson, Ala-Koch suggests that "there is no evidence that McDickinson and Cortes did not have permission to leave work or left without finishing their duties." (Doc. 164 at 29-30). However,

16

there is a material dispute as to whether Plaintiff had permission to leave work. Ala-Koch argues that McDickinson is not a suitable comparator because she was a salaried employee and Plaintiff's supervisor but offers no such distinction for Cortes. At best, Ala-Koch has attempted to distinguish these two comparators because, it argues "there is no evidence that either McDickinson or Cortes failed to report to work without calling off for five consecutive days." *Id.* at 30. However, construing the evidence in the light most favorable to Plaintiff as the non-moving party, he at least attempted to obtain permission to leave, was refused re-entry upon return, and called both McDickinson and Birchfield without being given any instruction as to the status of his employment. There is no evidence that Ala-Koch attempted to make contact with Plaintiff during the same five-day period for which Ala-Koch would claim Plaintiff failed to make contact with it. As such, there are genuine issues of material fact as to Plaintiff's claim of gender discrimination, and Ala-Koch's motion for summary judgment is due to be denied on this issue.

V. **Conclusion**

Based on the foregoing, it is

**ORDERED** that Defendant McDickinson's Motion for Summary Judgment (Doc. 148) is **GRANTED IN PART** as to Plaintiff's state law claims of Outrage and Invasion of Privacy and **DENIED IN PART** as to Plaintiff's claim of Assault and Battery. It is further

**ORDERED** that Defendant Koch Foods of Alabama, LLC's Motion for Summary Judgment (Doc. 158) is **GRANTED IN PART** as to Plaintiff's claim of racial discrimination, and **DENIED IN PART** as to Plaintiff's claims of sexual harassment, retaliation, and gender discrimination. It is further

**ORDERED** that the Motion for Summary Judgment by Koch Foods, Inc., is **GRANTED** as to all of Plaintiff's claims against it. (Doc. 165). It is further

**ORDERED** that Defendant Koch Foods, Inc., and Koch Foods of Alabama, LLC's Objections to and Motion to Strike Portions of Plaintiff's Evidentiary Submission in Support of His Opposition to Defendant's Motion for Summary Judgment (Doc. 204) are **DENIED**. The court is capable of reviewing the evidentiary submissions and considering only those portions which comply with Fed. R. Civ. P 56(e) and the Federal Rules of Evidence. To the extent that evidentiary submissions contained information that would be inadmissible under the Rules, the court has not considered that material in resolving the motions for summary judgment.

**DONE** and **ORDERED** this 12th day of July 2019.

                                                /s/ Andrew L. Brasher
                                         ANDREW L. BRASHER
                                         UNITED STATES DISTRICT JUDGE