**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT HARVEY FULLER,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **KOCH FOODS, INC.;** | ) | **2:17-cv-00096-ALB** |
| **KOCH FOODS OF ALABAMA,** | ) | |
| **LLC; and** | ) | **OPPOSED** |
| **MELISSA MCDICKINSON** | ) | |
| | ) | |
| **Defendants**. | ) | |

**KOCH FOODS OF ALABAMA, LLC'S RULE 54(b) MOTION
TO AMEND THE COURT'S SUMMARY JUDGMENT ORDER**

Defendant Koch Foods of Alabama, LLC (hereinafter "Ala-Koch" or "Defendant") moves the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to amend its Opinion and Order on Defendant's Motion for Summary Judgment (Doc. 225) because: (1) the Opinion and Order omitted a ruling on Ala-Koch's Motion for Summary Judgment as to Fuller's state law tort claims and request for punitive damages; and (2) the Opinion assumes that Fuller's May 19, 2015 email included a complaint of "race discrimination" even though the email does not reference race and unrefuted record evidence establishes that employees did not complain to Fuller about race discrimination. To clarify the issues for trial, Defendant states the following in support of this Motion:

## I. Background

In his Third Amended Complaint, Fuller asserted the following claims against Ala-Koch: Count I - Invasion of Privacy; Count II - Assault and Battery; Count III - Outrage; Count IV - Negligent/Wanton Supervision, Training, and Retention; Count V - Title VII Retaliation; Count VI - 42 U.S.C. § 1981 Retaliation; Count VII - Title VII Sexual Harassment; Count VIII - Title VII and § 1981 Race Discrimination; and Count IX - Title VII Gender Discrimination. (Doc. 70). Ala-Koch moved for summary judgment as to all of Fuller's claims and his request for punitive damages. The Court's Opinion failed to address the disposition of Fuller's state law claims (invasion of privacy, assault and battery, outrage, and negligent/wanton supervision, training and retention) against Ala-Koch. Similarly, the Opinion and Order did not address Fuller's claim for punitive damages.

Additionally, in its Opinion, the Court stated that Fuller had emailed McDickinson and Birchfield complaining about "race discrimination." *See* Doc. 225 at p. 4 ("In May 2015, Plaintiff sent an email to Birchfield and McDickinson reporting a claim of racial discrimination which another employee had reported to him regarding disproportionate discipline received by African-American employees."). However, Fuller's email did not mention race discrimination nor disproportionate discipline. Rather, the email stated:

4824-1696-8607v1
2016061-000166 08/14/2019

> There seems to be an inordinate amount of complaints of harassment and discrimination levied against Bobby Partain. It always seems to be the same sort of complaint. In essence, that Bobby is rude and discourteous in the manner in which he speaks to employees. It has been claimed that he repeatedly uses foul language and an aggressive tone in dealing with his staff. It has also been alleged that he is dismissive to requests to assist in helping employees with "badge issues." Yet, there seems to have been no disciplinary action taken.
>
> There seems to be a pattern of misconduct and our perceived lack of action or attentiveness to the problem, gives the appearance that we are in compliance with his behavior. In accordance with our Employee Handbook, and after speaking with Elvin Mitchell about his relationship with Mr. Partain, I am officially reporting a claim of discrimination as it was reported to me by Mr. Mitchell. I will do my best to present you with the names of the other employees that have waged these same allegations against Mr. Partain.

(Doc. 164 at pp. 11-12) (citing Fuller Depo. Fuller Depo. at 328:3-19, DX 22 Emails between Harvey Fuller to David Birchfield and Melissa McDickinson dated 05/20/15, filed as KFX 27; Birchfield Depo. at 382:2-15). Indeed, even if the Court had considered Fuller's testimony about Elvin Mitchell's hearsay statements, which the Court should not, those statements do not support a claim of disproportionate discipline by Ala-Koch based on race. Rather, Fuller testified that Mitchell's only purported reference to race was that Partain "talks crazy to the black folks, especially the men." (Fuller Depo. at p. 322:9-325:3).

Moreover, the Court's Opinion only addressed one of the grounds raised by Ala-Koch as to Fuller's retaliation claim - i.e., that Fuller did not engage in protected conduct because he admittedly was performing the duties of his position

when he relayed Mitchell's complain to McDickinson and Birchfield (also known as the "manager rule").[1] Ala-Koch's motion identified multiple grounds on which Fuller's retaliation clam was due to dismissed, including that (1) the email about Mitchell was not protected conduct because it did not put Ala-Koch on notice that Fuller was complaining about race discrimination as opposed to harsh treatment of Partain's entire staff; (2) the email about Elvin Mitchell was not protected conduct as a matter of law because Fuller was not opposing an unlawful employment practice of Ala-Koch but rather the discourteous treatment of a single supervisor; and (3) Fuller did not have a subjectively and objectively reasonable belief that he was complaining about race discrimination based upon the unrefuted testimony from Partain's subordinates that they did not complain to him about race-based treatment. In light of the foregoing, Ala-Koch moves the Court to amend its Opinion and Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## II. Argument

The Eleventh Circuit Court of Appeals has held that "a district court's authority to revise interlocutory orders -- e.g, denial of summary judgment -- comes from Rule 54(b)." *Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013). Moreover, "[a]lthough Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders,"

---

[1] *See* Doc. 225 at pp. 13-14 (discussing *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 904 F.3d 1226, 1237 (11th Cir. 2018), *reh'g en banc granted, opinion vacated*, No. 16-16850, 2019 WL 2498915 (11th Cir. June 17, 2019).

the Eleventh Circuit has "at least indicated that Rule 54(b) takes after Rule 60(b)." *Id.* (affirming district court's granting of Rule 60(b) motion to reconsider denial of summary judgment). *See also Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion); *Maldonado v. Snead*, 168 Fed. Appx. 373, 386-87 (11th Cir. Feb. 23, 2006) (noting "we see no reason to apply a different standard when the party seeks reconsideration of a non-final order" pursuant to Rule 54(b) "than when the party seeks reconsideration of a final judgment" pursuant to Rule 60(b)).

Rule 60(b)(1) "encompasses mistakes in the application of the law." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 839-40 (11th Cir.1982). A Rule 60(b)(1) motion should be granted when "the legal error is obvious." *Chambers v. Florida parole Comm'n*, 257 Fed. Appx. 258, 259 (11th Cir. Dec.7, 2007). Further, a district court has power pursuant to Rule 60(b) to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice," (*Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (citing *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949))). Rule 60(b) "should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).

**A. The Court should amend its Order to include a ruling as to Ala-Koch's Motion for Summary Judgment on Fuller's state law claims.**

Because the Court ruled that Fuller's invasion of privacy and outrage claims against McDickinson were due to be dismissed (Doc. 225 at pp. 6-7), Ala-Koch cannot be held liable for Fuller's invasion of privacy and outrage claims through a theory of *respondeat superior*. *See,* Ala-Koch Br. in support of MSJ at pp. 47-48 (citing *Stancombe v. New Process Steel LP*, 652 F. App'x 740, 741 (11th Cir. 2016) (affirming district court's judgment that employer could not be held vicariously liable for employee's underlying state law torts where employee failed to create a genuine issue of material fact as to these claims)). Accordingly, Fuller's invasion of privacy and outrage claims against Ala-Koch necessarily fail and are due to be dismissed.

As to the assault and battery claim, Fuller failed to present evidence that McDickinson's alleged inappropriate touching of Mr. Fuller was in the line and scope of her employment or that such conduct was in furtherance of Ala-Koch's interests such that it could be held vicariously liable for Fuller's claims of assault and battery. *See* Ala-Koch Br. in support of MSJ (Doc. 164 at pp. 47-57) (citing *Barlow v. Piggly Wiggly Ala. Distib. Co.*, 2015 WL 5770625, at *6 (N.D. Ala. Oct. 2, 2015) (quoting *Ex parte Atmore Cmty. Hosp*., 719 So. 2d 1190, 1194-95 (Ala. 1998)) ("An employer may not be held vicariously liable, however, for sexual

4824-1696-8607v1
2016061-000166 08/14/2019

harassment by an employee when the employee acts only to 'satisf[y] his own lustful desires.'")). As such, summary judgment as to Fuller's assault and battery claims is due to be granted in Ala-Koch' favor.

Likewise, the Court should amend its Order and Opinion to include dismissal of Fuller's negligent/wanton supervision, training and retention. Despite Fuller's exhaustive efforts to dig up unfavorable information on McDickinson through the use of overly broad subpoenas to her employers, he was unable to produce any evidence that Ala-Koch's knew or should have known of any purported propensity to sexually harass her co-workers at the time it hired her. He also failed to present any evidence that Ala-Koch's training and retention of McDickinson was negligent. (Doc. 164 at p. 55) (citing *Portera v. Winn Dixie of Montgomery*, Inc., 996 F. Supp. 1418, 1438 (M.D. Ala. 1998) (holding employee must show "the alleged incompetence of the [problem] employee was actually known to the employer or was discoverable by the employer if it had exercised care and proper diligence" to succeed on negligent hiring and retention claims). To the contrary, the undisputed evidence was that McDickinson attended anti-harassment training and was familiar with Ala-Koch's policy prohibiting such conduct. Moreover, it was undisputed Fuller never reported any harassment during his employment and could not produce any other complaints of harassment against McDickinson made before or during his employment. Thus, his negligent retention

claim fails as a matter of law. Accordingly, Ala-Koch respectfully requests the Court amend its summary judgment Opinion and Order to include dismissal of all of Fuller's state law tort claims against it.

**B. The Court should amend its summary judgment Opinion and Order to include a ruling on Fuller's punitive damages claim.**

Ala-Koch moved for summary judgment on Fuller's punitive damages claims (*id.* at pp. 57-60), but the Court's Opinion and Order failed to rule on Ala-Koch's motion on that issue. Specifically, Ala-Koch argued it was entitled to summary judgment on punitive damages as a matter of law as Fuller (1) failed to present evidence of malice or reckless disregard of Fuller's rights; and (2) even if such evidence existed, Koch Foods affirmatively established it exercised reasonable care to prevent and correct discriminatory behavior in the workplace. (Doc 164 at pp. 57-60) (citing *Kolstad v. Am Dental Ass'n*, 527 U.S. 526, 545 (1999) and *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 477 (5th Cir. 2002) (affirming judgment as a matter of law on employee's punitive damage claim where manager's harassing conduct was contrary to company's good faith efforts to prevent sexual harassment in the workplace, as was evidenced by the company's well-publicized policy forbidding sexual harassment, training on sexual harassment to new employees, and established grievance procedure for sexual harassment complaints)). Because the Court omitted a ruling on Ala-Koch's summary

judgment motion as to Fuller's punitive damages claim, Ala-Koch moves the Court to amend its Opinion and Order in this regard and grant Ala-Koch's Motion in light of Fuller's failure to create a genuine issue of fact as to Ala-Koch's good faith efforts to prevent and correct discriminatory conduct in the workplace.

**C. The Court should amend its order denying Ala-Koch's Motion for Summary Judgment on Fuller's retaliation claim.**

Ala-Koch moves the Court to reverse its order denying Ala-Koch's Motion for Summary Judgment to the extent it rests on findings that in his May 19, 2015 email, Fuller stated he was complaining about "race discrimination." In addition, Ala-Koch respectfully requests the Court consider all of the grounds asserted in support of its summary judgment motion, including (1) Fuller's email failed to put Ala-Koch on notice that Fuller was engaging in protected conduct (complaining of race-based discrimination) as opposed to complaining about harsh treatment of Partain's entire staff; (2) Fuller's email was not protected conduct as a matter of law because it failed to oppose an unlawful employment practice of Ala-Koch, as required by the plain language of Title VII, as opposed to the discourteous treatment of a single, rogue supervisor; and (3) Fuller did not engage in protected conduct as he could not have had a subjectively and objectively reasonable belief as measured against existing case law that he was complaining about race discrimination. (Doc. 164 at pp. 34-38) (citing *Little v. United Tech., Carrier*

*Transicold Division*, 103 F.3d 956, 959-60 (11th Cir. 1997) (holding "not every act by an employee in opposition to [unlawful] discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual.")).

As the Court noted in its Opinion, it is an essential element of Fuller's retaliation claim that he engaged "in an activity protected under Title VII." (Doc. 225 at p. 13 (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)). And as the Eleventh Circuit has noted, establishing a protected activity requires a showing that the employee had an objectively reasonable belief that discrimination was occurring. *See* Ala-Koch Brief in Support of MSJ at p. 33 (citing *Anduze v. Florida Atl. Univ*., 151 F. App'x 875, 878 (11th Cir. 2005); *Little v. United Technologies, Carrier Transicold Div*., 103 F.3d 956, 960 (11th Cir. 1997)). To make such a showing, Fuller must establish that his "belief was objectively reasonable **in light of the facts and record presented**." *Id.* (emphasis added).

Fuller's retaliation claim cannot stand as a matter of law because (1) he did not complain about race discrimination in his May 19, 2015 email, and (2) he did not have an objectively reasonable belief that he was complaining about race discrimination in light of the unrefuted testimony by Elvin Mitchell and Joseph Lacy that they did not complain to Fuller about such discrimination. In his unrefuted declaration, Mitchell testified that while he "complained to someone in

Human Resources about Partain yelling at [him]," he "did not complain about race discrimination." (Doc. 164 at p. 11) (citing Mitchell Decl. at ¶¶ 4, 6). Similarly, Lacy never mentioned any race discrimination, nor did he believe Partain treated him differently because of his race. (*Id*. at p. 10) (citing Lacey Decl. ¶¶ 6-7).

**1. Unrefuted evidence establishes that Fuller did not mention race discrimination in his May 19, 2015 email to McDickinson and Birchfield.**

To the extent the Court's Opinion that Fuller engaged in protected activity rests on the premise that Fuller complained about **race** discrimination in his May 19, 2015 email to Birchfield and McDickinson, the Court's Opinion rests on erroneous facts and should be revised accordingly. As noted *supra*, nowhere in his May 19, 2015 email did Fuller mention discrimination based on race. This dooms any claim that Fuller's May 19, 2015 email in itself constituted protected activity. *See* Ala-Koch Br. in support of MSJ at p. 34 (noting that without some allegation that unfair treatment was based on race, the complaint does not "constitute statutorily protected activity" because "[u]nfair treatment" alone "is not an unlawful employment practice under Title VII." *Coutu v. Martin Cnty. Bd. of Cnty. Com'rs*, 47 F.3d 1068, 1074-75 (11th Cir. 1995) (affirming directed verdict in favor of former employer on Title VII national origin and retaliation claims).

Further, as noted in Ala-Koch's reply brief, *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 904 F.3d 1226, 1237 (11th Cir. 2018), *reh'g en banc granted*,

*opinion vacated*, No. 16-16850, 2019 WL 2498915 (11th Cir. June 17, 2019), is inapplicable to the facts of this case. In *Gogel*, the Eleventh Circuit determined that a human resources employee engaged in protected conduct by providing another employee the name of an attorney who could assist her with filing an EEOC Charge, even though doing so was outside of the employer's formal reporting mechanisms. *Gogel* at 1236-37.

Unlike in *Gogel*, Fuller was not deviating from company policy in reporting Mitchell's complaint to McDickinson and Birchfield. Fuller was merely doing his job by reporting alleged misconduct by a supervisor. Fuller has not alleged, nor has Ala-Koch argued, that Fuller utilized some method outside of Ala-Koch's reporting requirement to report race discrimination. Ala-Koch did note that Fuller had violated its policies by talking to hourly employees about an ongoing investigation, but Fuller does not allege that his act of talking to other employees amounted to protected conduct. Thus, either way the Eleventh Circuit rules in *Gogel* -- whether the Court finds that an HR employee engages in protected activity when he goes outside of his employer's reporting mechanisms, or finding that such behavior is not protected conduct -- the ruling will likely have no bearing on Fuller's claims.

**2. Unrefuted evidence establishes that Fuller did not have an objectively reasonable belief he was complaining about race discrimination.**

In addition to the fact that Fuller's email could not have put Ala-Koch on notice that he was complaining about an unlawful, race-based employment practice, the record evidence establishes he did not have an objectively reasonable belief that race discrimination was occurring. As noted in Ala-Koch's Brief, Lacey and Mitchell deny under oath any belief or making any complaint that Partain discriminated against them based upon race. Fuller presented no evidence to refute or contradict Lacey and Mitchell's sworn testimony. Thus, in light of the facts and record presented, Fuller cannot establish he had an objectively reasonable belief that he was complaining about race discrimination. Because Fuller's email did not mention race discrimination and the unrefuted record evidence establishes he did not have an objectively reasonable belief race discrimination was occurring, as a matter of law, Fuller cannot establish he engaged in protected activity.

**B. The opinion and order are due to be amended to clarify the record for trial and for purposes of appeal.**

If the Court fails to amend its summary judgment Opinion and Order, Ala-Koch will be left to guess which claims are to be tried to a jury. In addition, to the extent the Court intended to deny Ala-Koch's summary judgment on any of the aforementioned claims, it is necessary for the Court to articulate the grounds for purposes of appeal.

WHEREFORE, premises considered, Defendant respectfully moves the Court for an order amending the Court's Opinion and Order on Defendant's Motion for Summary Judgment.

Respectfully submitted,

*s/ Rachel V. Barlotta*
RACHEL V. BARLOTTA
SHARONDA C. FANCHER
Attorneys for Defendant
Koch Foods of Alabama, LLC

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 14th day of August, 2019, this document was filed on behalf of Defendant Koch Foods of Alabama, LLC through the Court's ECF system and thus served on Plaintiffs' counsel of record listed below:

Cynthia Forman Wilkinson
Wilkinson Law Firm PC
215 N. Richard Arrington Jr. Blvd., Suite 200
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

Heather Newsom Leonard
Heather Leonard, PC
2105 Devereux Circle; Suite 111

Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

Alicia Kay Haynes
Charles Guerrier
Haynes & Haynes, PC
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377
Fax: 205-879-3572
Email: akhaynes@haynes-haynes.com
Email: scedwards@haynes-haynes.com

Marion F. Walker
Corey Goerdt
Fisher Phillips
2323 2nd Avenue North
Birmingham, AL 35203
(205) 327-8354
mfwalker@fisherphillips.com
cgoerdt@fisherphillips.com

/s/ *Rachel V. Barlotta*
Of Counsel