# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT HARVEY FULLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:17-cv-96-ALB** |
| | ) | |
| **KOCH FOODS, INC., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Koch Foods of Alabama, LLC's ("Ala-Koch") motion (Doc. 226) to amend the Court's summary judgment order. (Doc. 225). Ala-Koch is correct that the Court overlooked Plaintiff's state-law claims against it, and summary judgment is due to be granted on those claims. Summary judgment is due to be denied as to punitive damages and Plaintiff's retaliation claim.

### A. State Law Claims

Ala-Koch argues that summary judgment is due in its favor as to all of Plaintiff's state law claims: Count 1, Count II, Count III, and Count IV.

Because the Court entered summary judgment in favor of McDickinson on Plaintiff's claims for Invasion of Privacy and Outrage, summary judgment is due in favor of Ala-Koch as well for the same reasons.

Although the Court denied McDickinson's motion for summary judgment on Plaintiff's assault and battery claim, Ala-Koch argues that summary judgment is due in its favor. "An employer is liable for the intentional torts of its employee if: (1) the employee's acts are committed in furtherance of the business of the employer; (2) the employee's acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts. *Potts v. BE&K Constr. Co.,* 604 So.2d 398, 400 (Ala.1992)." *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1194 (Ala. 1998). "[W]here a co-employee defendant's behavior is aimed at 'satisfying [the co-employee's] own lustful desires,' [the Eleventh Circuit] has held that 'no corporate purpose could conceivably be served.' *Busby,* 551 So.2d at 327." *Id.* The allegations in this case are clearly on-point with *Busby*. However, "[a]n employer is also liable for the intentional torts of the employee if the employer ratifies the employee's conduct. *Potts,* 604 So.2d at 400. An employer ratifies conduct if: (1) the employer has actual knowledge of the tortious conduct; (2) based on this knowledge, the employer knew the conduct constituted a tort; and (3) the employer failed to take adequate steps to remedy the situation. *Id.*" *Ex parte Atmore*, 719 So. 2d at 1195. In this case, although there is evidence that HR employees reported to members of management that McDickinson was engaging in sexually inappropriate conduct, Plaintiff has not offered evidence that he or any other employee complained that her conduct was assault and battery against him. There is

2

no evidence before the Court that supports an inference that Ala-Koch had actual knowledge of assault and battery. Accordingly, Ala-Koch's motion for summary judgment on assault and battery is due to be granted in its favor.

Ala-Koch argues that summary judgment is due in its favor as to Plaintiff's Negligent/Wanton Supervision, Training, and Retention claim.  In order to establish a claim against an employer for negligent supervision, training, and/or retention, Plaintiff must establish that McDickinson, as the allegedly incompetent employee, committed a common-law Alabama tort. *Stevenson v. Precision Standard, Inc.,* 762 So.2d 820, 824 (Ala. 1999) (citing *Big B, Inc. v. Cottingham,* 634 So.2d 999 (Ala. 1993)).   In this case, the only state law tort remaining is assault and battery as to McDickinson. Plaintiff has offered no evidence that Ala-Koch knew or should have known that McDickinson was likely to commit assault and battery or that Ala-Koch failed to properly train her not to commit assault and battery. Because there is no evidence that Plaintiff made a complaint of assault and battery to anyone at Ala-Koch, Plaintiff has failed to supply a factual basis that Ala-Koch negligently retained McDickinson after the alleged battery. Accordingly, Ala-Koch's motion for summary judgment is due to be granted as to Plaintiff's Negligent/Wanton Supervision, Training, and Retention claim.

**B. Punitive Damages**

3

An employee who has been the victim of intentional employment discrimination in violation of Title VII may recover punitive damages from the employer "if [he] demonstrates that the [employer] engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b). Ala-Koch argues that Plaintiff cannot meet this standard as a matter of law because it "affirmatively established it exercised reasonable care to prevent and correct discriminatory behavior in the workplace." (Doc. 226 at 8).  However, despite Ala-Koch's written policies, there is a genuine issue of material fact whether Ala-Koch made a good faith effort to comply with Title VII and whether it knew of and failed to prevent or correct discrimination against Plaintiff.  For example, Plaintiff presents substantial evidence of widespread, flagrant misconduct by the leadership of Ala-Koch's local HR Department—*i.e.* the very employees who would enforce Ala-Koch's anti-discrimination policies—including at least one time when an employee allegedly complained to the Corporate Director of Human Resources who then merely referred the complaint back to local HR to investigate.  *See* Doc. 196 at 15. Ala-Koch's motion is due to be denied on this issue.

### C. Retaliation Claims

As to the retaliation claim, Ala-Koch argues that Plaintiff's "email did not mention race discrimination and the unrefuted record evidence establishes he did not

have an objectively reasonable belief race discrimination was occurring, as a matter of law, Fuller cannot establish he engaged in protected activity." Ala-Koch's argument ignores that the evidence is to be construed in the light most favorable to the non-moving party. Further, this Court's denial of summary judgment on that issue was without prejudice specifically because "the question whether HR employees are covered by retaliation protection when they raise claims on behalf of other employees and whether they can still be fired for the manner in which they raise those claims is currently pending before the *en banc* Eleventh Circuit. *See Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 904 F.3d 1226, 1237 (11th Cir. 2018), *reh'g en banc granted, opinion vacated,* No. 16-16850, 2019 WL 2498915 (11th Cir. June 17, 2019)." Ala-Koch argues that the outcome in *Gogel* will be irrelevant, but the Court is disinclined to speculate about the likely reasoning of an *en banc* Eleventh Circuit opinion. Ala-Koch is reminded that "[t]his issue may be addressed again, if appropriate, after the Eleventh Circuit decides *Gogel*." (Doc. 225 at 14).

## III.    Conclusion

Based on the foregoing, it is

**ORDERED** that Defendant Ala-Koch's Motion to Amend the Court's Summary Judgment Order (Doc. 226) is **GRANTED IN PART** as to Plaintiff's state law claims Count I, Count II, Count III, and Count IV.  It is **DENIED** as to all other requested relief.

**DONE** and **ORDERED** this 10th day of September 2019.

           /s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE